UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| LUIS ROQUE, Individually and On Behalf of All Others Similarly Situated, | § § § § § § § § § § § § | |
| *Plaintiff*, | | No.  7:20-cv-00087 |
| v. | | |
| PETRO MECHANICAL SERVICES, LLC, | | |
| *Defendant*. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Luis Roque (referred to as "Plaintiff" or "Roque") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Petro Mechanical Services, LLC (referred to as "Defendant" or "Petro Mechanical"). In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1. Roque's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA

defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Petro Mechanical violated the FLSA by employing Roque and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Petro Mechanical violated the FLSA by failing to maintain accurate time and pay records for Roque and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Roque brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Petro Mechanical resides in the Midland Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Roque's claims occurred in the Midland Division of the Western District of Texas.

### III.  Parties

8. Luis Roque is an individual who resides in Odessa, Texas and who was employed by Petro Mechanical during the last three years.

9. Petro Mechanical Services, LLC is a Texas limited liability company that may be served with process by serving its registered agent:

> Ross A. Skolnick
> 1504 Colony Circle
> Longview, Texas 75604

Alternatively, if the registered agent of Petro Mechanical cannot with reasonable diligence be found at the company's registered office, Petro Mechanical may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Whenever it is alleged that Defendant committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

11. According to its website, Petro Mechanical is a mechanical services company that serves the oil and gas industry; it does business in the territorial jurisdiction of this Court.

12. Petro Mechanical employed Roque as a welder from approximately October 2018 to March 2020.

13. Throughout Roque's employment with Petro Mechanical, he was paid on an hourly basis.

14. During Roque's employment with Petro Mechanical, he regularly worked in excess of forty hour per week.

15. Petro Mechanical knew or reasonably should have known that Roque worked in excess of forty hours per week.

16. Petro Mechanical did not pay Roque the entirety of his overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

17. Instead, Petro Mechanical paid Roque overtime based upon a rate that was less than his regular rate of pay.

18. In other words, Petro Mechanical paid Roque for of his overtime hours at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

19. Petro Mechanical knew or reasonably should have known that Roque was not exempt from the overtime provisions of the FLSA.

20. During Roque's employment with Petro Mechanical, he was engaged in commerce or the production of goods for commerce.

21. During Roque's employment with Petro Mechanical, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

22. During Roque's employment with Petro Mechanical, the company had an annual gross volume of sales made or business done of at least $500,000.

23. Petro Mechanical failed to maintain accurate time and pay records for Roque as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

24. Petro Mechanical knew or showed a reckless disregard for whether its pay practices violated the FLSA.

25. Petro Mechanical is liable to Roque's for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

26. All welders employed by Petro Mechanical that were subject to this pay policy are similarly situated to Roque because they (1) were subject to the same uniform pay policy or practice; (2) were in traditionally non-exempt positions; (3) regularly worked in excess of forty hours per week; (4) are not paid the entirety of their overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

27. Roque adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

28. During Roque's employment with Petro Mechanical, he was a nonexempt employee.

29. As a nonexempt employee, Petro Mechanical was legally obligated to pay Roque "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

30. Petro Mechanical did not pay Roque the entirety of his overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

31. Instead, Petro Mechanical paid Roque overtime based upon a rate that was less than his regular rate of pay.

32. In other words, Petro Mechanical paid Roque for of his overtime hours at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

33. If Petro Mechanical classified Roque as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

34. Petro Mechanical knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Petro Mechanical willfully violated the overtime requirements of the FLSA.

## VI. Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

35. Petro Mechanical adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

36. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

37. In addition to the pay violations of the FLSA described above, Petro Mechanical also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—
### Collective Action Allegations

38. Roque adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

39. On information and belief, other employees have been victimized by Petro Mechanical's violations of the FLSA identified above.

40. These employees are similarly situated to Roque because, during the relevant time period, they were subject to the same pay practice or policy, were in traditionally nonexempt positions, and were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

41.     Petro Mechanical's policy or practice of failing to pay the entirety of their employees' overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances or position of the putative class members.

42.     Since, on information and belief, Roque's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

43.     All employees of Petro Mechanical, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for all the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore properly defined as:

> All welders employed for Petro Mechanical Service
> within the last three years.

44.     Petro Mechanical is liable to Roque and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

45.     Because Petro Mechanical knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Roque and the members of the putative class their unpaid overtime wages for at least the last three years.

46.     Petro Mechanical is liable to Roque and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

47. Petro Mechanical is liable to Roque and the members of the putative classes for their reasonable attorneys' fees and costs.

48. Roque has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Prayer

49. Roque prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Roque and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. postjudgment interest at the applicable rate;

   d. incentive awards for any class representative(s); and

   e. all such other and further relief to which Roque and the putative class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**